UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANYA CARPENTER ET AL. | CIVIL ACTION |
| VERSUS | NO: 25-788 |
| TANGIPAHOA PARISH ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Attorney Fees and Expenses* **(Rec. Doc. 110)**, filed by Plaintiffs, Tanya Carpenter and High Road Productions, LLC. Defendants opposed the motion (Rec. Doc. 111), and Plaintiffs filed a reply memorandum (Rec. Doc. 114). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART** as explained below.

## FACTS AND PROCEDURAL BACKGROUND

This case arose out of Plaintiffs' being barred from conducting horse barrel racing events at the Florida Parishes Arena, a multi-purpose facility owned by Tangipahoa Parish in Amite, Louisiana. Plaintiffs, Tanya Carpenter and her production company High Road Productions, LLC, brought this action against multiple defendants, including Tangipahoa Parish; its president, Robby Miller; and Kelly Wells, individually and in his capacity as the former Florida Parishes Arena Director, in April of 2025. Specifically, Plaintiffs alleged that their barrel racing events were banned in the Florida Parishes Arena in retaliation for Carpenter's complaints concerning issues with safety, the facility, and personnel at the arena.

Further, Plaintiffs claimed that the Parish, Miller, and Wells violated their right to procedural due process by banning them from the arena without prior notice and a meaningful opportunity to be heard. Plaintiffs also brought state-law claims against additional defendants.

The matter went to trial on June 22, 2026, and on June 24, the jury reached a verdict in Plaintiffs' favor against Tangipahoa Parish and Robby Miller in regard to Plaintiffs' § 1983 claims arising under the First and Fourteenth Amendments. The jury awarded Ms. Carpenter and High Road Productions, LLC $10,240 in compensatory damages and $10,700 against Robby Miller in punitive damages. Plaintiffs filed the instant motion for reasonable attorneys' fees on July 8, 2026.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award attorney's fees to the prevailing party in a civil rights suit. 42 U.S.C. § 1988(b). To be considered a prevailing party, "a civil rights plaintiff must obtain at least some relief on the merits of [her] claim," that is, some enforceable judgment against the defendant. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *see also Sanchez v. City of Austin*, 774 F.3d 873, 879 (5th Cir. 2014). There is no question that in this case, Ms. Carpenter and High Road Productions, LLC are the prevailing parties for purposes of § 1988.

Courts in this Circuit have traditionally calculated reasonable attorney's fees by using the "lodestar" method, which begins with the calculation of the reasonable number of hours expended on litigation multiplied by a reasonable hourly rate. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 583 n.15 (5th Cir. 1980).

2

However, the Fifth Circuit has also held that when a civil rights plaintiff "has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," even when the plaintiff's claims were "interrelated, nonfrivolous, and raised in good faith." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 801 (5th Cir. 2006) (internal quotation marks omitted) (citation omitted).

To determine a reasonable hourly rate for attorney's fees, courts in this district have applied the "forum rule," which requires "the district court to determine only the prevailing market rate within its jurisdiction." *See Diamond Shamrock Expl. Co. v. Hodel*, No. 86-0537, 1991 WL 62097 (E.D. La. 1991). This figure is then adjusted upward or downward based on an analysis of twelve factors known as the *Johnson* factors. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). These factors include (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*; *see also Von Clark v. Butler*, 916 F.2d 255, 258 n.3 (5th Cir. 1990).

The Court "must also consider, *inter alia*, whether the award is excessive in

3

light of the plaintiff's overall level of success. Moreover, the requested fees must bear a reasonable relationship to the amount in controversy or to the complexity of the circumstances of the case." *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) (internal quotation marks omitted) (citation omitted).

## DISCUSSION

Here, Plaintiffs prevailed against Defendants Tangipahoa Parish and Robby Miller on their First and Fourteenth Amendment claims and are therefore entitled to reasonable attorneys' fees under § 1988. Plaintiffs' counsel Steven M. Mauterer has requested a total of $157,230 in attorneys' fees. First, he explains that he worked on Plaintiffs' case for 384 hours and billed Plaintiffs at a rate of $325 per hour. However, Mr. Mauterer requested that the Court calculate his reasonable fees based on the prevailing rate of $365/$375 per hour. He also requested $3,735.00 for the 16.6 hours that Associate Jeremy Gatz-Miller worked on the matter, at a rate of $225 per hour, and for Associate Austin W. Lanier, who was present during trial, he asks for $9,495, which represents 42.2 hours of work at a rate of $225.

The Court finds these hourly rates reasonable, and Defendants do not dispute them. Defendants urge the Court to reduce Plaintiffs' figure by 75%, however, because Defendants argue that (1) Plaintiffs achieved only limited success in their lawsuit "because of the relatively nominal amount of damages the jury awarded plaintiffs for [their First and Fourteenth Amendment] claims" (Rec. Doc. 111, at 2–3); (2) Plaintiffs prevailed on their constitutional claims against only two of the three defendants against whom these constitutional violations were raised; and

(3) Plaintiffs' litigation in this matter also consisted of state-law claims against other defendants against whom Plaintiffs did not prevail. In its discretion, the Court agrees that Plaintiffs' figure for reasonable attorneys' fees should be reduced, based on the *Johnson* factors, but certainly not by 75%.

The Court will now analyze the specific *Johnson* factors that are relevant to the instant case, beginning with the first: the time and labor required. Plaintiffs brought this action against five defendants total, but they brought their § 1983 claims under the First and Fourteenth Amendments against only three. Plaintiffs prevailed on these claims against two of the three defendants. Because the First Amendment retaliation and procedural due process claims were somewhat novel in this particular context, and therefore difficult—which also goes toward the second factor—these claims would have required the most time and labor from Plaintiffs' counsel.

Concerning the third factor, or the skill required to perform the legal service properly, Lead Counsel Mr. Mauterer has been licensed in Louisiana for twenty-six (26) years and is an equity partner at his law firm, Blue Williams, LLC. Not only did he demonstrate his skill at trial, but also, he showed legal acumen when he identified the constitutional issues present in Plaintiffs' case. As to factor four, it is highly unlikely that this case would have precluded Mr. Mauterer or the associates who worked on the matter from accepting other employment.

The only other *Johnson* factor that seems relevant here is the amount involved and the results obtained. In this vein, the Court will consider "whether the award is excessive in light of the plaintiff's overall level of success." *Mid-Continent Cas. Co.*,

205 F.3d at 232. Plaintiffs initially brought a total of ten causes of action against five defendants. Plaintiffs prevailed on three of these claims—violation of the First Amendment, deprivation of procedural due process, and municipal liability for the constitutional violations under § 1983. While three out of ten seems like a low percentage, the claims Plaintiffs' counsel prevailed on presented the most challenging legal questions, and they were the most difficult to convey to a jury. Further, as the Fifth Circuit noted about § 1988 in *Riddell v. National Democratic Party*, "Congress enacted this statute in 1976 to encourage private attorneys general to enforce fundamental constitutional rights under section 1983." 624 F.2d 539, 543 (5th Cir. 1980) (citing S. Rep. No. 94-1011, at 5910 (1976)). Accordingly, prevailing on a constitutional claim does not represent a litigation victory that extends only to the plaintiffs, but instead, it benefits the public. In balancing these considerations, the Court concludes that the figure proposed by Plaintiffs for reasonable attorneys' fees should be reduced by one-third.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Attorney Fees and Expenses* **(Rec. Doc. 110)** is **GRANTED IN PART**, and Defendants Tangipahoa Parish and Robby Miller shall be liable to Plaintiffs *in solido* in the amount of $105,000.00.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion is **DENIED IN PART, as moot**, insofar as Plaintiffs' request for expenses and court costs shall be decided

by the Clerk of Court for the Eastern District of Louisiana based on the Bill of Costs Plaintiffs previously submitted.

New Orleans, Louisiana, this 7th day of August, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE