**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TANYA CARPENTER AND HIGH ROAD PRODUCTIONS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-00788** |
| **TANGIPAHOA PARISH, ROBBY MILLER, INDIVIDUALLY AND IN HIS CAPACITY AS PARISH PRESIDENT, ET. AL.** | **SECTION: "J " (4)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for Attorneys' Fees (R. Doc. 62)** pursuant to its prior Order (R. Doc. 57) issued on Plaintiff's Motion to Enforce Order on Motion to Compel, Civil Contempt, Discovery Sanctions, and Additional Time to Depose Defendants (R. Doc. 35). The Plaintiff was ordered to file the subject motion to set reasonable attorneys' fees and costs and has complied with the Court's instructions. The motion is unopposed.

## I. Background

Plaintiff Tanya Carpenter (hereinafter referred to as "Carpenter") and High Road Productions, LLC (hereinafter referred to as "High Road") filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated her First Amendment rights of free speech and her right to peaceably petition the government for redress of her grievances. R. Doc. 12 at 1-2. Specifically, Carpenter, as Louisiana's District 6 Director for the National Barrel Horse Association, promoted and conducted barrel races from 2004 to 2024 at the Tangipahoa Parish Florida Parishes Arena (hereinafter "the property"). *Id.* at 7. According to Carpenter, the barrel racing events she hosted allowed any caliber of horses and riders of any age to compete in divisional barrel racing with awards in various classes and divisions. *Id.* at. 2.

Following the years of voicing complaints about the property, Plaintiffs contend that on October 23, 2024, the Parish of Tangipahoa "committed the ultimate act of reprisal, punishment, and retaliation" by adopting a parish policy to ban Tanya Carpenter from the property. *Id.* at 23.

In April 2025, Carpenter commenced this civil action. *See* R. Doc. 1. On March 20, 2026, Carpenter filed a motion to enforce an order issued regarding outstanding requests for production. *See* R. Doc. 35. The Court granted the motion and ordered the Plaintiff to file a motion to set reasonable attorneys' fees. R. Doc. 57.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *Combs v. City of Huntington*, 829 F.3d 388, 394 (5th Cir. 2016). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1]The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

## III. Analysis

### A. Reasonable Rate

Carpenter seeks an award of attorney's fees in the amount of $2,827.50 as a result of the Defendants' failure to comply with the Court's discovery order. The order is unopposed.

Generally, federal law requires that reasonable hourly rates be calculated in relation to prevailing local standards. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Where a rate is not contested, it is prima facie reasonable. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Trahan v. Crown Drilling, Inc.*, No. 09-6830, 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party).

Counsel indicates that his customary hourly rate is $365/$375 per hour. *See Carter v. Quinteros, Prieto, Wood & Boyer, P.A.*, No. 25-2273, 2026 WL 1179397, at *5 (E.D. La. Apr. 30, 2026) (where the Court approved a rate of $375 for a lawyer with twelve years' experience.); R. Doc. 62-1 at 3. He is a 1999 graduate from Southern University Law Center where he was a teaching assistant for criminal law and is now an equity partner at Blue Williams, L.L.C. *Id.* at 2. While these rates are reasonable, counsel only requested $325.00 per hour, which the Court finds likewise reasonable.

### B. Reasonable Fee

Carpenter seeks a fee of $2,177.50 in connection with the Motion to Enforce Order on Motion to Compel, Civil Contempt, Discovery Sanctions and Additional Time to Depose Defendants. R. Doc. 62-2 at 2. Carpenter also indicates that her counsel expended $650.00 on two additional hours preparing the subject motion. She concedes however that the actual time is not contained in Exhibit A.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*, 465 U.S. at 895. The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

The Court has reviewed the time records and Carpenter's counsel billed 6.7 hours and an additional 2.0 hours for a total of 8.7 hours. R. Doc. 62-5, Exhibit A. Given that Carpenter seeks $2,827.50, the Court finds that the attorney's fees are reasonable.

## IV. Conclusion

**IT IS ORDERED** that **Motion for Attorney's Fees (R. Doc. 62)** be **GRANTED**, and that the Defendants, Tangipahoa Parish, Robby Miller, individually and in his capacity as Parish President, Kelly Wells, individually and in his capacity as Florida Parishes Arena Director, Toni Jean Catalano, individually and in her capacity as Office Manager of Florida Parishes Arena, and

Lisa M. Cooley or their counsel pay to Tanya Carpenter and High Rod Production reasonable attorney's fees of $2,827.50 no later than **twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 28 th day of September 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**